ORIGINAL

# In the United States Court of Federal Claims

No. 16-1594C
(Filed July 31, 2017)
NOT FOR PUBLICATION

FILED

JUL 3 1 2017

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * *
                                  *
OLANAPO AD OLAJIDE,               *
                                  *
              Plaintiff,          *
                                  *
     v.                           *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * *
```

### MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

In this case brought by Olanapo Ad Olajide, Mr. Olajide alleges that he is entitled to $2 billion in damages for breach of contract or due to an uncompensated taking of property. Plaintiff's theory appears to be that federal laws about money, banking, and taxation, issuance of legal tender, and the operation of the Social Security system have deprived him of his alleged constitutional right to be paid in gold or silver coin as opposed to paper money, and that he is entitled to compensation based on a conversion of the dollars he has received for his labor to an amount of gold. For the reasons stated below, the Court finds that it lacks subject-matter jurisdiction over plaintiff's claim; that plaintiff fails to state a claim upon which relief can be granted; and that plaintiff's attempt to file a second amended complaint would be futile. Defendant's motion to dismiss the case is hereby **GRANTED**, and plaintiff's motion for leave to amend the complaint is **DENIED**.

### I. BACKGROUND

Plaintiff filed the complaint in this case *pro se* on November 30, 2016, along with an application to proceed *in forma pauperis* and a motion for preliminary injunction against the government. Civil Action at Common Law for Account Render & Dec. Relief, ECF No. 1; Appl. to Proceed *In Forma Pauperis*, ECF No. 3;

7017 1450 0000 1346 3868

Notice & Mot. Prelim. Inj., ECF No. 4.  Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims (RCFC), he amended the complaint as a matter of course, pleading a breach of contract claim, and a takings claim in the alternative against the government. Am. Compl. ¶¶ 9—11, ECF No. 7.  Plaintiff previously filed a complaint in this court alleging the breach of contract and an uncompensated taking, *Olajide v. United States*, 124 Fed. Cl. 196 (2015), which the court dismissed for lack of subject-matter jurisdiction and failure to state a claim.

Plaintiff seems to allege that the federal government owes him damages because the "private debts" owed him were paid in paper money and not gold or silver coin, Am. Compl. ¶ 3,[1] either due to a breach of contract, Am. Compl. ¶¶ 52—57, or under the Takings Clause, Am. Compl. ¶¶ 34, 58—62.  He alleges that these "debts" resulted in the government's appropriation of and profiting from his personal estate through the enforcement of various statutory and constitutional provisions, namely: the 16th Amendment to the U.S. Constitution, the Federal Reserve Act, the National Currency Act, and the Social Security Act.  Am. Compl. ¶¶ 3,[2] 30—31, 54; 2d Mot. for Leave to File Am. Compl. ¶¶ 7—8.  He claims the debts are to be tendered to him in gold coin, referencing Article 1, Section 10 of the Constitution. Am. Compl. ¶¶ 2—3, 5, 10.[3]  Under the breach of contract claim, plaintiff alludes to an implied-in-fact contract, with the Appropriations Clause and the Takings Clause operating as the offer to contract.  Am. Compl. ¶¶ 36—40 (citing U.S. CONST. art. I § 9 & amend. V).

The alleged "debts" are valued at $2 billion, which are represented in two purported bearer bonds.[4] Am. Compl. ¶ 55; 2d Mot. for Leave to File Am. Compl. ¶¶ 6, 10, ECF No. 22.  He attached these supposed bearer bonds to his amended

---

[1] The amended complaint uses paragraph numbers 2 through 6 twice.  This citation refers to the second paragraph identified as number 3, on page 2 of the amended complaint.

[2] The reference is to the second paragraph numbered 3 on page 2 of the amended complaint.

[3] The reference is to the second paragraphs numbered 2 and 3 on page 2 of the amended complaint.

[4] The government's counsel apparently contacted the California State Treasurer to verify the veracity of the bonds that were presented along with plaintiff's amended complaint.  The California State Treasurer confirmed that the bonds were not issued by California, as plaintiff alleges. Mot. Dismiss 5, n.4.  Plaintiff admits that he presented the bonds to the United States Treasury Department, and the agent told him the bonds were "not worth the paper that [they were] printed on." Am. Compl. ¶ 39; *see* Am. Compl., Ex. A.

complaint. *See* Am. Compl. Ex. A.  On their face, the bonds do not appear to be official documents, *see generally id.*, and plaintiff only alleges a bare legal conclusion that the bonds are valid. *See* Am. Compl. ¶¶ 37—38.

Plaintiff has moved for leave to amend his complaint a second time pursuant to RCFC 15. *See* 2d Mot. for Leave to File Am. Compl.  The second amended complaint specifies that as a citizen of the United States, plaintiff was obliged to perform services, which the United States secured by issuing him a social security number. *Id.* ¶ 6.  He alleges that the "fee" for "the use of [his] personal estate" was $2 billion. *Id.*  Moreover, plaintiff adds a racial component to his claim, contending that as a black citizen he is entitled to the same pay as Senator Dianne Feinstein, due to Article 1, Sections 6 and 9 of, and the Fourteenth Amendment to, the U.S. Constitution. *Id.* ¶¶ 11-13.  Plaintiff also invokes Article IV of the Articles of Confederation and the Civil Rights Act of 1866. *Id.* ¶¶ 4, 12.[5]

The government has moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and (6).  Mot. to Dismiss.

## II.  DISCUSSION

### A.  Motion for Leave to Amend the Complaint

Rule 15 of RCFC provides that on a motion for leave to amend pleadings the court "should freely give leave when justice so requires."  If there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] futility of amendment," the court is not required to grant leave to amend the complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's proposed second amended complaint pleads the same allegations as the first amended complaint, with the only addition being a racial component to the claim.  2d Mot. for Leave to File Am. Compl. ¶¶ 5, 11—12.  It seems that plaintiff is claiming that as a black citizen, he is entitled to payment similar to that of white citizens.  Am. Compl. ¶¶ 11—12.  Even if this was a cognizable claim for relief, it is clearly not within the jurisdiction of this court. *See Pleasant-Bey v. United States*, 99 Fed. Cl. 363, 367 (2011) (noting that racial discrimination claims do not fall within the Tucker Act's grant of jurisdiction).  Plaintiff also claims that he is entitled to payment under Article I, Section 6 of the U.S. Constitution, comparing his right to payment to that of Senator Dianne Feinstein.  Am. Compl. ¶ 11.  This claim is clearly futile since plaintiff is not an elected senator. *Cf. Jan's*

---

[5] Plaintiff curiously describes the United States as a "confederation and perpetual Union" between just thirty-one listed states.  2d Mot. for Leave to File Am. Compl. at 2.

*Helicopter Service, Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (noting that the Court of Federal Claims has jurisdiction when the plaintiff makes a "nonfrivolous assertion that it is within the class of plaintiffs entitled to recover under the money mandating source").[6]

## B. Motion to Dismiss for Failure to State a Claim and Lack of Subject-Matter Jurisdiction

On a Rule 12(b)(6) motion, the court may dismiss a case when, assuming all factual allegations are true, the allegations do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Complaints filed by *pro se* plaintiffs are to be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but a plaintiff's *pro se* status cannot "excuse its failures, if such there be," *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995), such as failure to sufficiently plead subject-matter jurisdiction.

Whether the court has subject-matter jurisdiction is a threshold matter that may be brought up at any time, either by the parties or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In making this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The provision of the Constitution or Act of Congress cited as the basis for the claim must be money-mandating. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

Plaintiff does not sufficiently plead in his first amended complaint the existence of an express or implied contract to support his breach of contract claim. In order to establish an implied-in-fact contract with the government, a plaintiff

---

[6] Plaintiff also inaptly cites the Assumption of Debt Clause, Reply to Resp. to Am. Mot. for Leave to Am. Compl. at 2, ECF No. 26 (citing U.S. CONST. art. VI, cl. 1), which refers to pre-Constitution debts. That clause is therefore irrelevant here because Mr. Olajide does not allege he is owed debts of that vintage. *See also Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 705 (2016) (finding Article VI to not be money-mandating).

must show: (1) "mutuality of intent to contract;" (2) "consideration;" (3) "lack of ambiguity in offer and acceptance;" and (4) "the Government representative 'whose conduct is relied upon must have actual authority to bind the government in contract.'" *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984); citing *Russell Corp. v. United States*, 210 Ct. Cl. 596, (1976); *Fincke v. United States*, 230 Ct. Cl. 233 (1982)).

Plaintiff alleges that the Fifth Amendment's Takings Clause operated as an offer to contract by exchanging money with any private citizen whose property has been appropriated by the government. Am. Compl. ¶ 36. He further alleges that his presentation of the two apparently fake bearer bonds was "consideration" and the government accepted its own offer to contract by not refusing his bonds. Am. Compl. ¶¶ 37—38, 55.[7]

The amended complaint only superficially addresses offer and acceptance, so without the allegation of the other mentioned elements, the court may dismiss the claim because it is not based on the existence of a valid contract. Even if the amended complaint had alleged the other elements, though, the constitutional provisions plaintiff cites as the "offer," the Appropriations Clause and the Takings Clause, cannot be construed as offers to contract. *See Asmussen v. United States*, No. 14-825C, 2015 WL 351611, at *2 (Fed. Cl. Jan. 25, 2015) (holding that the Constitution cannot "be considered an express or implied-in-fact contract concerning which a breach action may be maintained in our court"); *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) (noting that the Constitution cannot be a valid contract between a private citizen and the United States); *Clawson v. United States*, 24 Cl. Ct. 366, 370 (1991) (citing *Bennett v. Kentucky Dep't of Educ.*, 470 U.S. 656, 669 (1985)) ("Where rights and obligations are prescribed by statute and regulation rather than determined through the mechanics of bilateral exchange, there is no contract in the usual sense of that word."). Moreover, to the extent that plaintiff alleges that the two fake bearer bonds he presented constituted "consideration" for the alleged contract, there is no indication that the Treasury Department had the authority to bind the government in such a contract with him. *See Whiteside v. United States*, 93 U.S. 247, 255 (1876); *see generally Brunner v. United States*, 70

---

[7] The Court notes that the purported bearer bonds, allegedly issued by the State of California but strangely "[r]edeemable . . . at the United States Treasury," *see* Am. Compl. Ex. A, are facially dubious, and plaintiff has failed to allege sufficiently how he came to obtain them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (holding that, in order to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'")).

Fed. Cl. 623 (2006) (discussing government agents' apparent and implied authority to bind the government in contract).

To the extent that plaintiff alleges he is entitled to payment of "debts" due to him under Article I, Sections 9 and 10, these constitutional provisions are not money-mandating and do not create a duty for the government to pay plaintiff. *See, e.g., Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)) ("a statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'"). The Appropriations Clause only supports a duty of payment when a federal statute creates such a duty. *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990). Plaintiff cites no such federal statute. Likewise, to the extent that plaintiff seeks relief under Article 4 of the Articles of Confederation, *see* 2d Mot. for Leave to File Am. Compl. ¶¶ 2-4, and the Civil Rights Act of 1866, *see id.* ¶ 12, the court does not have jurisdiction to hear claims under either provision. *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 705 (2016) (the Articles of Confederation, having been replaced by the United States Constitution, are not a valid source of law); *Griffith v. United States*, No. 14-793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015) (reiterating that the Court does not have jurisdiction to hear an 1866 Civil Rights Act claim because the act does not provide for relief against the federal government and is not a money-mandating source of law).

While the Takings Clause is a money-mandating provision, and any claim arising thereunder is within this court's jurisdiction, a plaintiff must plead a cognizable property interest that the government has appropriated to be entitled to relief under that provision. *See Norman v. United States*, 63 Fed. Cl. 231, 244-45 (2004) (citing *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed.Cir.2001)). Instead of pleading with specificity the property interest alleged to have been taken, *see* RCFC 9(i), Mr. Olajide merely repeats his theory that all debts ever owed to him should have been paid in gold and not paper money. Am. Compl. ¶¶ 59-62. These allegations fail to state a claim upon which relief may be granted.

Finally, plaintiff claims that he has no adequate remedy at law under either cause of action, despite claiming $2 billion in damages, so he seeks a writ of mandamus and a declaratory judgment in the alternative. This court, however, has no authority to issue equitable relief that is not collateral to a valid claim of monetary damages. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998).

## III. CONCLUSION

Because plaintiff's allegations neither state a claim upon which relief may be granted, nor do they fall within this court's limited jurisdiction, the defendant's Motion to Dismiss is hereby **GRANTED**, and the plaintiff's Motion for Leave to

Amend Complaint is **DENIED** as futile.  Plaintiff's other pending motions are **DENIED** as moot.[8]  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[8] These include plaintiff's Motion for Preliminarly Injunction, Motion for Entry of Default, Motion to Strike, and Motion for Judicial Notice of Adjudicative Facts of matters that are immaterial to whether the complaint is within our jurisdiction. *See* ECF Nos. 11, 14, 19, 20.